## Gifford vs. The First Presbyterian Society of the Village of Syracuse.

There are two well established principles relative to the construction of written instruments: 1st. That in construing a covenant or restriction, where there is doubt or ambiguity, the construction must be most favorable to the party in whose favor the covenant or restriction is made, and most strongly against the party covenanting or imposing a restriction upon himself. 2d. That all covenants or restrictions contained in a lease or deed are to be presumed to continue for the whole duration of the estate created, unless the contrary manifestly appears.

A lease of a pew in a church contained the condition, among others, that the lessee and his assigns should pay to the trustees of the religious society, for the time being, all taxes and assessments which might be levied or assessed thereon by said trustees, for certain purposes specified therein. It also contained the following restriction: "No taxes or assessments to be levied or assessed for the next ten years, for the purchase of a bell or organ, for finishing off the transept, or the erection of an iron fence around the church lot, in whole or in part, nor are they in any one year to exceed ten per cent on the original appraised value of said slips." *Held* that this language was general enough, and comprehensive enough, to cover the whole duration of the lease; that it was the intention of the parties, when the lease was executed, to limit the taxation to ten per cent in each year while the estate should continue; and that the trustees of the society were not authorized, at any time, to tax or assess upon the pew in question any more than at the rate of ten per cent of the original appraised value thereof.

CASE made and submitted without action, pursuant to section 372 of the Code of Procedure, to determine the construction of a lease from the defendant to the plaintiff, of pew No. 68 in the defendant's church.

*H. C. Leavenworth,* for the plaintiff.

*Noxon & Northrup,* for the defendant.

*By the Court,* Foster, J. This case has been submitted without argument, and no points or authorities are presented to us on either side, as should have been done pursuant to rule 43 of this court; and all we have to call our attention to the grounds of claim of either party, is a copy

of the lease, with the question propounded to us, "Under this deed can the defendant assess or tax the plaintiff on said pew, at a higher rate than ten per cent on its original appraised value, for any one year?"

The lease bore date and was executed on the 27th day of November, 1850, between the defendant of the first part, and Henry Gifford of the second part, and *witnessed* that the said party of the first part, in consideration of the sum of $655 in hand paid, leased unto the said party of the second part, and to his heirs and assigns, slip No. 68, in the church of said society, " as said slips are now numbered therein, which said slip was originally appraised at the sum of $650, with the right of ingress and egress to and from the same at all times of divine worship; to have and to hold the use of the same from the date hereof, so long as the said church shall be used as a place of divine worship by the said society." This conveyance, however, is made upon the following conditions, viz:

"1st. The party of the second part, and his assigns, shall not in any manner disfigure, injure, alter or destroy the said slip.

2d. The carpeting, cushioning and using of said slip shall at all times be regulated by the trustees of said society, for the time being.

3d. The said party of the second part and his assigns shall pay to the said trustees for the time being, all taxes and assessments which may be levied or assessed thereon, by the said trustees, for any or all of the purposes following, and within the times designated by said trustees, viz: For the support of the gospel, including the minister, chorister, choir and sexton; for taxes and assessments on the property of said society, and the expense of warming, lighting and cleaning the church. To defray the expense of insurance and repairs of the property of said society; and also of adding to, repairing or replacing the fixtures attached to the property of said society. To pay the interest on the

debt of said society for the time being. All taxes and assessments to be levied and assessed upon those slips only which are not owned by the society at the time of such levy or assessment, and in proportion to the original assessed value of the same, as entered upon the minutes of said society. No taxes or assessments to be levied or assessed for the next ten years, for the purchase of a bell or organ, for finishing off the transept, or the erection of an iron fence around the church lot, in whole or in part; nor are they in any one year to exceed ten per cent on the original appraised value of said slips. All of which conditions the said party of the second part agrees on his part to fulfill and keep. But in case default shall be made in any of the above conditions, on the part of the said party of the second part, or his assigns, the right of such party to the possession of said slip shall cease, and the same shall revert to the said society, and the said trustees may sell the same at public aution, to the highest bidder, on posting a written or printed, or partly written and partly printed notice of such sale in each of the vestibules of the said church, for two successive Sabbaths, immediately prior to such sale, and the said trustees may execute a new lease of said slip to the purchaser thereof. And after deducting from the avails of such sale the sums for which the same shall have been made, with interest and all reasonable expenses, they shall, on demand, pay the balance of such avails to the said party of the second part, his heirs or assigns.

*Witness* the seal of the party of the first part, attested by the signatures of the president of the board of trustees and the clerk of said society, and the hand and seal of the party of the second part, the day and year first above written. J. C. WOODRUFF,

Prest. of the Board of Trustees.

E. W. LEAVENWORTH, Clerk. [L. S.]"

Gifford *v.* First Presbyterian Society of Syracuse.

It was executed more than ten years since, and we are to presume it is claimed on the part of the plaintiff that the restriction in the lease, against taxes and assessments in any one year to more than ten per cent of the original assessed value of the pews, applies to the whole term of the lease; and that on the part of the defendant it is claimed to be limited to the first ten years after the term commenced.

It is apparent from the instrument that the parties contemplated a much longer term than ten years, when the lease was executed. And if it was important to provide that the taxes and assessment should not exceed ten per cent in any one year during the first ten years, there was quite as much necessity for making some stipulation in that respect for the residue of the time while the lease should run.

The paragraph in question is as follows : "No taxes or assessments to be levied or assessed for the next ten years for the purchase of a bell, or organ, for finishing off the transept, or the erection of an iron fence around the church lot, in whole or in part, nor are they in any one year to exceed ten per cent on the original appraised value of said slips." And the question is, what "any one year" was meant? Was it any one year of the ten years; or any one year during the whole term? It is true, those words are in the same paragraph in which alone the term of ten years is mentioned; and so too it is the only paragraph which contains any limitation to the amount of taxes and assessments during any portion of the term.

The language limiting the amount of tax or assessment is general enough, and comprehensive enough, to cover the whole duration of the lease. It is not coupled with the prior part of the paragraph, which speaks of the ten years, for it is in the disjunctive, commencing with the word "nor," and while standing by itself, it would inevitably apply to the whole duration of the lease. It would have

been much more appropriate, if intended to confine its operation to ten years, to have added after the words "in any one year" the words "during said ten years," or "of said ten years." I think, from the language used, it was the actual intention of the parties when the lease was executed, to limit the taxation to ten per cent in each year, while the estate should continue.

There are two well established principles, relating to the construction of written instruments, which bear strongly in favor of the above conclusion. The first is, that in construing a covenant or restriction, where there is doubt or ambiguity, it must be most favorable to the party in whose favor the covenant or restriction is made, and most strongly against the party covenanting or imposing a restriction upon himself. This is a well settled elementary principle. And the second is, that all covenants or restrictions contained in a lease or deed are to be presumed to continue for the whole duration of the estate created, unless the contrary manifestly appears.

I think, therefore, that the defendants are not authorized at any time to tax or assess upon the pew in question, any more than at the rate of ten per cent of the original appraised value thereof, and judgment should be given accordingly.

[ONONDAGA GENERAL TERM, April 2, 1867. *Morgan, Bacon, Foster* and *Mullin,* Justices.]