# NEW YORK SUPERIOR COURT.

THE WINDSOR HOTEL COMPANY and JOHN T. DALY agt. SAMUEL HAWK and GARDNER WETHERBEE.

*Construction of a lease of real estate for a term of years.*

If a lessor intends that the rent of certain premises shall be at the rate of a certain sum the first year of a term of ten years, and an increased rent thereafter, he should so express it.

If such lessor chooses to give a lease not expressed in the clear and precise language ordinarily used to express the intention of the parties, he must be bound by the phraseology he uses.

*Special Term, March*, 1875.

In 1871 John T. Daly became the owner, by lease dated 29th April, 1871, from Peter Goelet and others, of a parcel of land on the Fifth avenue, in the city of New York, between Forty-sixth and Forty-seventh streets, extending in depth 140 feet, and by a second lease, dated 29th April, 1871, from the same parties of a lot twenty feet in width on the northerly side of Forty-sixth street, adjacent to the parcel above described.

He proceeded to erect the Windsor hotel on the first parcel, and upon the lot adjoining a three-story dwelling house, and these two buildings he leased under one instrument, dated April 7th, 1873, to Messrs. Hawk and Wetherbee, the defendants.

He afterward, on the 27th of September, 1873, conveyed the Windsor hotel and his estate in the first parcel of land, to the Windsor Hotel Company, a corporation, and retained his ownership in the dwelling house and lot adjoining.

VOL. XLIX.          33

At the time he made the lease to the defendants on the 7th April, 1873, the construction of which is now in question, the buildings were not fully completed. It is evident, from the second clause of the lease, that it was then in the contemplation of the parties that the premises might not be completed and ready for occupation on the first day of May ensuing, but that they might be before the first of August.

The defendants, pursuant to the right under the lease, took possession of the premises, and in June and July began cleaning and putting down their carpets and their furniture.

They opened their hotel to the public on the 23d day of September, 1873; and it was afterward, through a friendly arbitration, "agreed between them that the premises were completed and ready for occupation, and that the rent thereof under the first and second clauses of the lease, should commence on the 10th day of September, 1873."

They paid their rent, as it was stated in an account made up between them, on the 1st November, 1874, as follows:

1st year: Rent to 1st Nov., 1873, 1 month 20
    days, at $75,000 per annum ...... $10,625 00
    Rent to 1st Feb., 1874, 3 months, at
    $75,000 per annum ............. 18,750 00
    Rent to 1st May, 1874, 3 months, at
    $75,000 per annum.. ........... 18,750 00

                                    $48,125 00

2d year: Rent to 1st Aug., 1874, 3 months, at
    $75,000 per annum ............. $18,750 00
    Rent to 10th Sept., 1874, 1 month 10
    days, at $75,000 per annum...... 8,125 00
    Rent to 1st Nov., 1874, 1 month 20
    days, at $100,000 per annum..... 13,888 88

                                    $40,763 88

Windsor Hotel Company agt. Hawk.

This paid the rent in full if the defendants' construction of the lease is correct.

The plaintiffs claim that on the first of May the rent reserved for the second year in the lease commenced at the rate of $100,000 per annum.   The plaintiffs claim:

| | | |
|---|---|---|
| From 1st May to 1st August, 1874 .. ....... | $25,000 | 00 |
| 1st August to 1st November, 1874 ..... | 25,000 | 00 |
| | $50,000 | 00 |
| And deducting the above payments by defendants..................................... | 40,763 | 88 |
| | $9,236 | 12 |

This shows the difference between the parties; the question is whether the rate of rent, $100,000, fixed for the second year in the term, commenced on 1st May, 1874, as plaintiffs claim, or on the 10th September, 1874, as defendants claim.

The defendants extend their claim, and urge that in each subsequent year the rate fixed for that year commenced on the tenth September, and not on first of May.

The provisions of the lease upon which the determination of this question depends, are as follows:

"This indenture, made the 7th day of April, 1873, between John T. Daly, of the city of New York, party of the first part, and Samuel Hawk of said city, and Gardner Wetherbee of the city of Boston, state of Massachusetts, parties of the second part: Witnesseth that the said party of the first part hath letten, and by these presents doth grant, demise and to farm let unto the said parties of the second part, all" (here follows a description of the premises) "for the term of ten years from the 1st day of May, 1873, for the following rents and upon the following conditions, namely:

"First. That said party of the first part covenants and agrees that he will have the said premises completed and finished so as to be ready for use and occupation as soon as ·

practicable. No rent shall be paid for the said premises until the same shall be completely finished and ready for occupation.

" Second. In case the said premises shall not be completed and ready for occupation on the said 1st day of May, 1873, that then the rent thereof shall be $75,000 per annum for one year after such completion ; the rent, however, to be paid at the rate of $37,500 per annum, from the time of completion of said premises up to the 1st day of August, 1873.

" Third. The rent for the second year to be at the rate of $100,000 per annum, payable on the first day of August, November, February and May.

" Fourth. The rent for the third, fourth and fifth years to be at the rate of $125,000 per annum, payable on the first day of August, November, February and May.

" Fifth. The rent for the balance of the unexpired term to be at the rate of $140,000 per annum, payable in monthly payments on the first day of each month."

*William R. Martin*, for plaintiffs.

*John Fowler, Jr.*, for defendants.

CURTIS, *J.* — The lease to the defendants is for the term of ten years from the 1st of May, 1873, with a provision that no rent shall be paid for the premises until the same be finished and ready for occupation; and if, as was the case, they were not completed on the 1st of May, 1873, that the rent should be $75,000 per annum for one year after such completion. It then designates the rent for the second year as $100,000, and for the third, fourth and fifth years, $120,000, and as payable the first of August, November, February and May, and then states that the rent for the balance of the unexpired term shall be at the rate of $140,000, payable monthly. The premises were not completed until September 10, 1873.

If the plaintiff Daly intended that the rent should have been at the rate of $75,000 for the first year of the term of ten years, he should have so expressed himself in the lease. Instead of that, he says in his lease that the rent shall be $75,000 per annum for one year after the completion.

He also omits the ordinary language in respect to quarterly payments, and on the usual quarter days, not indicating even in these provisions that he regarded the year for the payment of rents as expiring on the first of May in each year of the term. He also omits to designate the final years of the term as the respective years by which the amount of rent is to be determined, but designates them as the balance of the unexpired term.

There is nothing to show, either in the lease or in the evidence, that the defendants understood the lease to mean otherwise than what they claim. There is no evidence of any mistake on their part, and it is their right to place such construction upon the instrument as its language fairly warrants.

The plaintiffs claim that the phrase limiting the rent to $75,000 for one year after the completion of the premises was carelessly drawn. If the lessor of premises chooses to give a lease not expressed in the clear and precise language ordinarily employed to express the intentions of the parties, and to avoid doubts and questions in that class of instruments, he must be bound by the phraseology he uses. It is too late, after the lessee has entered into possession of the premises under the lease, and acted in accordance with its apparent obligations in good faith, for the lessor to successfully claim that he prepared it carelessly and misunderstood its force, and ask to recover judgment for an amount of rent not called for by the lease. The plaintiffs claim to recover $9,136.11, and this alleged deficiency will increase as the term of the lease expires, if it is construed as the plaintiffs insist.

The language of the lease does not appear to be ambiguous. The defendants' position seems to be fairly sustained, viewing

the instrument as a whole. It could not have been the intention of the parties, if the completion of the hotel had been delayed until May 1st, 1874, that the defendants should have lost their right to pay the diminished rent of the first year, $75,000, during the twelve months thereafter.

But even if there was an ambiguity, the construction must prevail that is most strong against the lessor, for he might have expressed himself more clearly, and every man's grant is to be taken most strongly against himself (*Folts* agt. *Huntley*, 7 *Wend.*, 214; *Ripley* agt. *Larmouth*, 56 *Barb.*, 21; *Gifford* agt. *First Presb. Church of Syracuse*, 56 *Barb.*, 114).

I am led to the conclusion that the plaintiffs have failed to establish a cause of action against the defendants, and that their complaint should be dismissed, with costs.

NOTE. — Findings may be settled on four days' notice to plaintiff.