### LOESER *v.* LIEBMANN *et al.*, (two cases.)

*(Supreme Court, General Term, Second Department.* May 11, 1891.)

1. LANDLORD AND TENANT—LEASES—FIXTURES.

A lease of certain buildings contained a provision that "all improvements placed in said buildings by the lessees, viz., elevators, boilers, heating apparatus, etc., shall be deemed fixtures not to be removed." *Held,* that the meaning of the word "improvements" was limited by the *videlicet* clause to the articles specified in that clause, and things so connected with as to form part of them; that "etc." did not enlarge the scope of the clause further than to indicate an intention to include articles directly connected with those specified; and that the lessees had a right to remove a small engine, a pump, and a pressure tank, placed by them in the premises to operate an electrical apparatus in the same and other buildings, and to operate passenger elevators in adjoining buildings, not so connected with the articles specified.

2. SAME.

In a lease of certain buildings, it was agreed between the parties that "all fixtures, counters, shelving, boilers, machinery, elevators, lighting and heating apparatus in said buildings, at the expiration of this lease," should become the property of lessees, in case they were called upon to erect certain party-walls; but, if the lessor should not demand the erection of said party-walls, then said fixtures, etc., should become the property of the lessor at such expiration. The lease was for a term of 11 years, and contained no limitation as to subletting or assigning, or as to the character of the business to be carried on, except as to business deemed extra-hazardous on account of fire. *Held* that, under these circumstances, the lease should not be construed as meaning that fixtures placed in the buildings should remain there until the expiration of the lease, thus depriving the lessees of their right to change the nature of their business, or to sublet the premises.

3. INJUNCTION—JURISDICTION—IRREPARABLE INJURY.

In an action to restrain lessees from removing from the demised premises certain articles, as in violation of provisions of their leases, it appeared that such articles were not fixtures, but personal chattels, easily removed without injury to the buildings, and that their exact money value could be readily determined. *Held,* that there was no such injury to the freehold, or other irreparable injury, as to require the interference of equity.

4. COSTS—EXTRA ALLOWANCE.

Two actions, tried together, to restrain the removal by lessees of certain personal property from demised premises, involved the title to such property, the

value of which was shown to be in one case $1,000, and in the other $15,000. *Held*, that allowances, in addition to costs, of $50 in the former case, and $250 in the latter, were proper and reasonable in amount, under Code Civil Proc. N. Y. § 3253, authorizing such allowance in a difficult and extraordinary case, where a defense has been interposed in any action, not exceeding 5 per cent. upon the value of the subject-matter involved.

Appeals from special term, Kings county.

Two actions by Frederick Loeser against Herman Liebmann, Louis Liebmann, and John F. Owings. The actions were tried together, and the complaints dismissed on the merits. Upon affidavits that the value of the property the title to which was in dispute was in one action $1,000, and in the other $15,000, the court awarded defendants' allowances of $50 and $250 in addition to the costs in the respective actions. Plaintiff appeals from the judgments for defendants entered on the dismissal of the complaints, and from the orders granting the additional allowances. Code Civil Proc. N. Y. § 3253, provides that, "in a difficult and extraordinary case, where a defense has been interposed in any action, the court may also, in its discretion, award to any party a further sum, * * * not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

Argued before BARNARD, P. J., and DYKMAN, J.

*Wilson & Wallis*, (*William G. Wilson*, of counsel,) for appellant. *Freling H. Smith*, for respondents.

DYKMAN, J. These two actions, which were tried together, were brought to restrain defendants from removing certain articles of personal property from two stores on Tillary street, in the city of Brooklyn. The complaints were dismissed on the merits at the trial, and these appeals are from the judgments of dismissal, and from the orders granting in each case an additional allowance. It appears that on May 1, 1880, Emilie Loeser leased to the copartnership firm of Frederick Loeser & Co. the premises known as "Nos. 14 and 16 Tillary Street," for 10 years from that date. Both the plaintiff and the defendants Herman and Louis Liebmann were members of that firm, and continued to be until February, 1887. In May, 1884, the plaintiff became the owner of the premises. The lease contains a provision "that all improvements placed in said buildings by the lessees, viz., elevators, boilers, heating apparatus, etc., shall be deemed fixtures not to be removed." The lessees had placed in said premises a small engine, a duplex Worthington pump, and a pressure tank, for the purpose of operating an electrical apparatus for lighting their entire dry goods establishment, which consisted of the above and several other adjoining and neighboring buildings, and for operating passenger elevators in an adjoining building. As the lease was about expiring, they proposed to remove these three articles; and the plaintiff thereupon brought one of the actions, claiming that under the above-quoted provisions of the lease they have become his property. Unless they come within the terms of the provisions above quoted, it is clear the defendants have the right to remove them. The only improvements which the plaintiff is entitled to claim are elevators, boilers, and heating apparatus, and those things so connected with as to form a part of them. The word "improvements" is thus limited by the *videlicet* clause which follows. The office and purpose of such clause is to define and particularize that which before is general. *Gleason* v. *McVickar*, 7 Cow. 42. The "etc.," at the end of this clause, does not enlarge its scope further than to clearly indicate that it was the intention of the parties to include within its terms articles directly connected with those specified. *Lathers* v. *Keogh*, 109 N. Y. 583, 17 N. E. Rep. 131. But the evidence shows, what is tolerably obvious without proof, that none of the articles in question are here specified or so connected with as to form part of them. None of them are so attached to the building as to become fixtures, or, in any proper sense, improvements thereto.

The other action, which is designated "No. 1," grows out of certain provisions in a lease now owned by defendant of the adjoining premises, known as "Nos. 10 and 12 Tillary Street," made by plaintiff to said firm for the term of 11 years from May 1, 1884. These provisions are as follows: "And it is further mutually agreed between the parties hereto that all fixtures, counters, shelving, boilers, machinery, elevators, lighting and heating apparatus in said buildings at the expiration of this lease, are to become the property of the lessees, in case the lessees shall be called upon to erect the party-walls hereinbefore contemplated to be built; but, in case the lessor shall not demand the erection of said party-walls, then the said fixtures, counters, shelving, boilers, elevators, lighting and heating apparatus to become the property of the lessor at such expiration." The plaintiff claims that the defendants threatened to remove these fixtures from the building, and insists that they have no right to remove any of them until the end of the lease, and then only in the event of his electing to require them to erect the party-walls referred to, although more than five years of the term remain unexpired. There is no limitation in the lease as to subletting or assigning the lease, nor as to the character of the business which shall be carried on, excepting as to business deemed extrahazardous on account of fire. In view of these facts, and the length of the term, the language of the clause in question should be very clear to justify the construction that trade fixtures, once placed in the building, should remain there for 11 years, or until the expiration of the lease, and thus practically deprive the defendants of their right to change the nature of their business, or to sublet the premises, and, in short, in a great measure, deprive them of their beneficial enjoyment. The language of this clause will not bear such an interpretation. It limits the articles which shall become plaintiff's property, in case he shall not demand the erection of the party-walls, to those "in said building at the expiration of the lease." This is plain and definite, and accords with the evident intention of the parties and the other provisions of the lease. If, however, there is doubt as to the meaning of the words used, they should, under well-settled rules, be construed most favorably to the lessees. *Hotel Co.* v. *Hawk*, 49 How. Pr. 257; *Gifford* v. *Society*, 56 Barb. 114; McAdam, Landl. & Ten. 182. But we think the plain intention of the parties was, and the correct interpretation of this clause is, to leave the lessees freedom of use of the demised premises, and of the trade fixtures they shall place therein during the term of the lease.

There are various other reasons urged by the respondents which lead to the affirmance of the judgment in both these actions. It is a well and long established principle of equity that, unless the threatened injury will be irreparable, the court will leave the party to his remedy at law. *Troy & B. R. Co.* v. *Boston H. T. & W. R. Co.*, 86 N. Y. 107; *Jerome* v. *Ross*, 7 Johns. Ch. 315. It appeared on the trial, by undisputed evidence, and was so found by the court, that all the articles in question are not fixtures, but personal chattels, easily removed without injury to the buildings, and their exact money value can be readily determined. In such case a court of equity will not interfere. *Thompson* v. *Matthews*, 2 Edw. Ch. 212; *Balcom* v. *Julien*, 22 How. Pr. 349. In order to entitle the plaintiff to injunctive relief, it was incumbent upon him to prove that the threatened injury would be destructive to the freehold or produce irreparable injury, (Ewell, Fixt. 402; Tayl. Landl. & Ten. § 695,) neither of which he has done, but, as we have seen, the evidence discloses a contrary state of facts. Furthermore, it appears that the defendants had not intended or threatened to remove any of the trade fixtures from 10 and 12 Tillary street, excepting an elevator, which would be rendered useless and walled up by the construction of the party-wall which the plaintiff required to be erected pursuant to the provisions of the lease of 1880. Whether this wall is the only one provided for in the lease of 1884, as to which considerable evidence was given at the trial, it is unnecessary now to determine, as the

above views lead to an affirmance of the judgment in each action. No reason is shown for the reversal of the orders granting the allowances. The title to the property in dispute was in issue, and the amounts awarded were reasonable. The judgments and orders appealed from should be affirmed, with costs.