[Civ. No. 649.   Second Appellate District.—September 3, 1909.]

## HANFORD MERCANTILE STORE, a Corporation, Appellant, v. JOE S. SOWLVEERE, Respondent.

CORPORATION—PRELIMINARY SUBSCRIPTION TO STOCK—PURPOSES NOT SPECIFIED—USE OF "ETC."—ABSENCE OF EXPLANATORY EVIDENCE.— A preliminary subscription to the stock of a proposed corporation, reciting that it was to be formed for the purpose of "acquiring and carrying on a general produce and merchandise business, etc.," cannot be enforced, where the articles of incorporation embrace the distinct purposes of dealing in real estate, and in bonds, mortgages and evidences of debt, and in warehouses for storage and depositary

for hire, in the absence of any explanatory evidence that the word "etc." was intended to include such purposes.

ID.—IMPORT OF ABBREVIATION "ETC."—The abbreviation "etc.," which stands for "et cetera," and means "and others," or "other things," in itself implies no limitation, and its use is so varied that it is questionable whether it can be said to have any definite use or interpretation. It sometimes is treated as surplusage; though it may in some cases be construed as denoting that the contract is incomplete, and the missing terms may be supplied by parol. But the majority of cases construe it as of itself relating to correlated matters, or things of like character, within the rule of *ejusdem generis.* ·

ID.—ORAL TESTIMONY LIMITED TO WAIVER AND RATIFICATION—FINDINGS —CONSTRUCTION OF ABBREVIATION FOR DEFENDANT.—Where the only oral testimony for the plaintiff was addressed to the defendant's waiver and ratification of the articles of incorporation upon which the findings were against the plaintiff, the court properly construed the abbreviation "etc." in favor of the defendant, and against any obligation to the corporation plaintiff.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

Dixon L. Phillips, for Appellant.

H. P. Brown, for Respondent.

TAGGART, J.—Action to collect subscription to contemplated corporation. Judgment for defendant and plaintiff appeals from judgment and order denying its motion for a new trial.

Defendant with some fifty other persons subscribed a writing whereby they agreed to join in the formation of a corporation under the laws of the state of California, the "purposes to be acquiring and carrying on a general produce and merchandising business, etc., at Hanford, California; and to that end" subscribed and agreed to pay for the number of shares set opposite their respective names, etc. The subscription of defendant being for eighty shares, amount $2,000. Thereafter some of the other signers of the writing mentioned incorporated and organized the plaintiff corpora-

tion having for its purposes, as set forth in its articles of incorporation: ''To acquire, purchase, own, control and manage, and carry on and conduct stores of general merchandise; purchase, own, sell, lease, manage and control goods, wares, merchandise and other kinds of personal property, mixed goods and effects of whatever nature or kind; to own, acquire, control, manage, mortgage and lease real property, wherever situated, and to sell, mortgage, or lease the same; to own, acquire, manage and control, bonds, mortgages, accounts, and all and every kind of debts and evidences of debts, and to sell or otherwise dispose of the same, and to carry on, own, acquire and manage, for profit, a general mercantile business, and stores and warehouses and buildings and other houses and improvements, necessary or convenient for the same; to own, acquire, lease, control and manage warehouses for the purpose of storage and depositary for hire.''

But one question is presented for solution—Is the ''etc.,'' following the purposes named in subscription paper, sufficient to embrace all the purposes enumerated in the articles of incorporation?

This abbreviation, as commonly understood, is for ''et cetera,'' which, as used, means, ''and others,'' or ''other things.'' In itself it implies no limitation, and its use is so varied that it is questionable whether it can be said to have any definite use or uniform interpretation. It is sometimes declared to be meaningless and without effect, and in such a case is treated as mere surplusage. (*Harrison* v. *McCormick,* 89 Cal. 327, 331, [23 Am. St. Rep. 469, 26 Pac. 830].) It is implied in that case that it may be construed to mean the contract is not complete, and that, in such a case, it is competent to supply the missing term by parol. But the majority of the cases construe the term as relating to correlated matters (*Hayes* v. *Wilson,* 105 Mass. 21; *Loeser* v. *Liebmann,* 60 Hun, 579, [14 N. Y. Supp. 569]; *Shuler* v. *Dutton,* 75 Iowa, 155, [39 N. W. 239]), or others of like character, things within the rule of *ejusdem generis.* (*In re Schouler,* 134 Mass. 426; *Tefft* v. *Tillinghast,* 7 R. I. 434; *Lathers* v. *Keogh,* 39 Hun, 576.)

Measuring the case before us by either of the constructions given the term, and we are of opinion that the conclusion of

the trial court will have to be sustained. If "etc." be treated as mere surplusage in the subscription paper, the defendant cannot be held to be obligated to take stock in a corporation organized for the purpose of dealing in real estate, bonds, mortgages, etc.; neither would he be bound under a construction that the term meant other things of like character or those covered by *ejusdem generis.* There is no evidence in the case, either of custom or of intent, from which it can be determined that dealing in real estate and bonds is correlated to the business of carrying on and conducting produce and general merchandise stores, or that such dealing is necessary to the acquiring, purchasing, owning, or controlling of such stores or business. If it were assumed that by the use of the letters "etc." it was intended to indicate that other and independent lines of business might be carried on by the corporation to be formed, there is no parol or other evidence as to what lines of business were intended to be so included.

Without evidence of what other lines of business were intended to be included, or what others might by custom or otherwise be said to be correlated, and thus assumed to have been intended to be included, there would be no limit to the kinds of business which the trial court might have read into the instrument in consequence of the use of the abbreviation in question, if appellant's view were accepted. We think the trial court properly rejected this construction.

The oral testimony introduced was all directed to establishing a waiver or ratification by the defendant, and the findings of the trial court, which find support in the evidence, were in favor of defendant.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.